(183527v2)

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
09 APR 22  AM 9: 3

------------------------------------------------------X

SEOUL BROADCASTING SYSTEM
INTERNATIONAL, INC., a New York
Corporation; MUN HWA BROADCASTING
CORPORATION, a South Korean
Corporation,

**09** **1645**

COMPLAINT

Plaintiffs,

-against-                                                    Jury Trial Demanded

JOHN KIM SANG, an individual doing                  **BLOCK, J.**
business as EDEN VIDEO; HWA SOOK
KIM, an individual; JONG SOOK KIM,
an individual; HAKYEOUL JANG, an
individual; and JOHN DOES, 1 to 10,
inclusive,

Defendants.

------------------------------------------------------X

Plaintiffs, by their attorneys, Heller, Horowitz & Feit, P.C., as and for their

Complaint, allege as follows:

## NATURE OF THE ACTION

1.      This action seeks to put a stop, and obtain damages for, the continual

unlawful activities of the defendants, who have built their business by engaging in the

unauthorized reproduction, rental, and sale of the plaintiffs' proprietary television programming.

Among other things, the defendants' actions constitute infringement of the plaintiffs' copyrights

and other rights in their popular television programs.

## JURISDICTION AND VENUE

2.      This is an action for, among other claims, damages and injunctive relief

for copyright infringement under 17 U.S.C. §§ 101 *et seq.*

(183527v2)

3.     This Court has jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* and 28 U.S.C. § 1338.

4.     Venue is proper in this Court and this Court has personal jurisdiction over the defendants in that the defendants are doing business in the State of New York and in this District, that the acts of infringement complained of herein occurred in the State of New York and in this District, and that the defendants have caused injury to the plaintiffs in the State of New York and in this District.

## **THE PARTIES**

5.     Plaintiff SEOUL BROADCASTING SYSTEM INTERNATIONAL, INC., also known as SBS International, Inc. ("SBS International"), is a New York corporation which maintains its principal place of business in Los Angeles, California.  SBS International is wholly owned by SBS Holdings Co., Ltd., a Korean corporation which is the controlling shareholder of Seoul Broadcasting System, a Korean corporation.  Seoul Broadcasting System ("SBS") is one of the three largest television networks in South Korea ("Korea"), similar in scope to NBC or CBS in the United States.  SBS is widely recognized throughout the world for the high quality of its broadcast television programming and particularly for its serialized dramas, for which there is high demand around the world.  Both SBS and SBS International derive significant revenue from advertisers and sponsors and from the sale and licensing of DVDs and videotapes of the proprietary programming of SBS and SBS International.

6.     Plaintiff MUN HWA BROADCASTING CORPORATION ("MBC") is a Korean corporation doing business in the United States under the name "MBC America."  MBC maintains its United States office in Los Angeles, California.  MBC is one of the three largest television networks in Korea, also similar in scope to NBC or CBS in the United States.  MBC is

(183527v2)

widely recognized throughout the world for the high quality of its broadcast television programming and particularly for its serialized dramas, for which there is high demand around the world. MBC derives significant revenue from advertisers and sponsors, and from the sale and licensing of DVDs and videotapes of its proprietary programming.

7.      Defendant JOHN KIM SANG ("Sang") is an individual doing business as Eden Video ("Eden") in the State of New York. On information and belief, Eden's principal place of business is 326 Bradley Ave., Staten Island, New York 10314. On information and belief, Sang is the owner/proprietor/principal/operator of Eden, and is a resident of the State of New York.

8.      Defendant HWA SOOK KIM ("Hwa Kim") is an individual who formerly owned and operated Eden. On information and belief, Hwa Kim currently works for or with Sang at Eden's principal place of business at 326 Bradley Ave., Staten Island, New York 10314. On information and belief, Hwa Kim is a resident of the State of New York.

9.      On information and belief, Defendants JONG SOOK KIM ("Jong Kim") and HAKYEOUL JANG ("Jang") are individuals who jointly owned and operated Eden during part of the period relevant to this complaint. On information and belief, they purchased Eden as a going concern from Hwa Kim. On information and belief, both Jong Kim and Jang are residents of the State of New York.

10.     The true names and capacities, whether individual, corporate or associate, or otherwise, of defendants herein named as JOHN DOES 1 through 10 (the "Doe Defendants") are unknown to the plaintiffs. If necessary, the plaintiffs will seek leave of court to amend this Complaint when the true names of said fictitiously named defendants are ascertained. The plaintiffs are informed and believe and on that basis allege that the Doe Defendants direct,

control, ratify, participate in, materially contribute to, profit from, induce, encourage, facilitate, and/or are the moving force behind the violations and theft of the plaintiffs' intellectual property rights complained of herein or are otherwise liable to the plaintiffs as a result of their participation in all or some of the acts hereinafter set forth. The plaintiffs further are informed and believe and on that basis allege that each of the Doe Defendants was the agent of at least one of the named defendants, and in doing the things alleged in this complaint was acting within the course and scope of such agency, and/or acted in concert with at least one of the named defendants, and is jointly and severally liable to the plaintiffs with said named defendants.

## THE INFRINGING ACTIVITIES

11.     Plaintiff SBS International is, and at all relevant times has been, the copyright owner and/or the owner of exclusive rights under copyright with respect to television programming of SBS which has been copyrighted or for which applications for copyright registration have been filed with the U.S. Copyright Office and are currently pending (collectively, the "SBS International Copyrighted Works"). The SBS International Copyrighted Works include, but are not limited to, those listed in Schedule "A" attached hereto and incorporated herein by reference. SBS International's ownership of exclusive rights to television programming of SBS in the United States is not limited to the SBS International Copyrighted Works, but includes a wide variety of other television programs, such as news, dramas, variety shows and documentaries, which are eligible for copyright protection but for which no application for copyright registration has yet been filed with the U.S. Copyright Office (collectively the "SBS International Protectable Works"). The SBS International Copyrighted Works and the SBS International Protectable Works are sometimes referred to collectively herein

(183527v2)

as the "SBS International Works." Plaintiff SBS International owns the exclusive right to broadcast and commercially exploit the SBS International Works in North America.

12.  SBS International obtained its rights in the SBS International Works by written contract with its affiliate, SBS. SBS broadcasts a wide array of television programming, including the SBS International Works, over the airwaves in Korea and via cable and satellite broadcast systems in Korea. SBS International has an exclusive license from SBS to distribute and broadcast all the SBS International Works within the United States, and has the exclusive right to register and enforce copyrights for the SBS International Works in the United States.

13.  Plaintiff MBC is, and at all relevant times has been, the copyright owner and/or the owner of exclusive rights under copyright with respect to its television programming which has been copyrighted or for which applications for copyright registration have been filed with the U.S. Copyright Office and are currently pending (collectively the "MBC Copyrighted Works"). The MBC Copyrighted Works include, but are not limited to, those listed in Schedule "B" attached hereto and incorporated herein by reference. MBC's ownership of exclusive rights to its television programming is not limited to the MBC Copyrighted Works, but includes a wide variety of other television programs, such as news, dramas, variety shows and documentaries, which are eligible for copyright protection but for which no application for copyright registration has yet been filed with the U.S. Copyright Office (collectively the "MBC Protectable Works"). The MBC Copyrighted Works and the MBC Protectable Works are sometimes referred to collectively herein as the "MBC Works." MBC broadcasts a wide array of television programming, including the MBC Works, over the airwaves in Korea and via cable and satellite broadcast systems in Korea. Plaintiff MBC owns the exclusive right to broadcast and commercially exploit the MBC Works worldwide.

(183527v2)

14.    The SBS International Copyrighted Works and the MBC Copyrighted Works are referred to collectively herein as the "Copyrighted Works." The SBS International Protectable Works and the MBC Protectable Works are referred to collectively herein as the "Protectable Works." The "Copyrighted Works" and the "Protectable Works" are referred to collectively herein as the "Works."

15.    For the Copyrighted Works, including but not limited to those listed on Schedules "A" and "B," the plaintiffs either (i) have received Certificates of Copyright Registration from the Registrar of Copyrights or (ii) have applications for copyright registration currently pending.

16.    Many of the Works are episodes of Korean-language serial programs (many with English subtitles) broadcast first over the airwaves of Korea by the respective plaintiffs or their affiliated entities. Each of the plaintiffs employs essentially the same business model for exploiting the Works in North America.  The Works are not broadcast within the United States for some time after they were first broadcast in Korea ("the Holdback Period"). The Holdback Period is six weeks for dramas and four weeks for show programs. During the Holdback Period, the plaintiffs make the Works available for rental through a network of authorized video stores (the "Authorized Retailers"), or to paying subscribers to the relevant services available at the websites owned and operated by the plaintiffs' respective affiliates in South Korea. The plaintiffs supply master recordings of the Works to Authorized Retailers and grant Authorized Retailers a non-exclusive limited license to make DVD and videotape reproductions of the Works to rent to the public. The Authorized Retailers pay monthly or weekly license fees to the plaintiffs for such license.

17.     For some period of time (approximately 2 years in the case of SBS International and approximately 2.5 years in the case of MBC) prior to late March 2008, Eden was an Authorized Retailer of each of the plaintiffs.  In or about late March 2008, the defendants informed the plaintiffs that Eden would no longer take delivery of any the Works from the plaintiffs.  Accordingly, the non-exclusive limited license previously granted to Eden was immediately terminated, and each of the plaintiffs ceased providing Eden with masters of the Works. Notwithstanding such termination, since late March 2008, the defendants have been renting or selling to the public, from the store location of Eden, unauthorized DVD and/or videotape copies of the Works, or some of them, obtained from some unknown source other than the plaintiffs.  Among the Copyrighted Works of the plaintiffs copied and rented or sold by the defendants are the following:

| Title & Episode No. | Registration No. |
| --- | --- |
| SBS International: The Family of Honor, Episode 1 | PA 1-615-738 |
| MBC: East of Eden, Episode 1 | PA 1-608-930 |
| MBC: Beethoven Virus, Episode 1 | PA 1-608-900 |

18.     The defendants' unlawful and unauthorized sales and/or rentals of the Works occurred as recently as April 19, 2009.

19.     The plaintiffs are aware that the defendants have offered, rented and/or sold unauthorized copies of some of the other Works belonging to each plaintiff.  However, the full extent of the defendants' illegal and infringing conduct is not currently known and will require discovery to ascertain.  On information and belief, since termination of the license previously granted to Eden, the defendants have been able to make, rent and sell unauthorized copies of most of the Works provided by the plaintiffs to their remaining Authorized Retailers.

- 7 -

(183527v2)

On information and belief, the reason the defendants refused to take further delivery of any of the Works from the plaintiffs in or about late March, 2008 was that the defendants intended to obtain the Works of the plaintiffs from unauthorized sources, to make unauthorized copies from the same, and to rent or sell the same to the public.

20.     The plaintiffs have each repeatedly demanded that the defendants stop infringing their copyrights and that they cease making and distributing unauthorized copies of their Works. The defendants have disregarded such demands and still continue to engage in illegal activities as described above.

21.     This infringing conduct by the defendants has harmed the plaintiffs in that it has, among other things, resulted in the loss of substantial license fees, and strained the plaintiffs' business relations with some of the remaining Authorized Retailers who must compete with the defendants' illegal and unauthorized sale and rental of the Works.

22.     The defendants still owe and have refused to pay unpaid license fees for the period prior to the termination of the limited license as described herein to SBS International in the amount of $1,449.00 and to MBC in the amount of $5,607.50.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement Against All Defendants)

23.     The plaintiffs incorporate the allegations of paragraphs 1 through 22 of this complaint.

24.     By their conduct as alleged herein, the defendants have unlawfully rented, sold, distributed, and offered for rental, sale, and distribution in this District, unauthorized DVD and /or videotape copies of the Works, or some of them, of the plaintiffs without the consent or authority from the plaintiffs.

(183527v2)

25.     The defendants are liable for infringement of the plaintiffs' copyrights and the plaintiffs' exclusive rights under copyright in the Works in violation of the Copyright Act, 17 U.S.C. § 101, *et. seq.*

26.     The infringement of each plaintiff's rights in and to each of the infringed Works constitutes a separate and distinct act of infringement.

27.     The foregoing acts of infringement perpetrated by the defendants have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of the plaintiffs.

28.     As a direct and proximate result of the infringements of the plaintiffs' copyrights and exclusive rights under copyright in the Works, each of the plaintiffs are entitled to their actual damages and disgorgement of the defendants' profits in amounts which are not currently ascertainable but to be proven at trial.

29.     Alternatively, each of the plaintiffs are entitled to statutory damages with respect to each of the Copyrighted Works infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Moreover, the plaintiffs are entitled to statutory damages for willful violations as against the defendants.

30.     The plaintiffs are further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

31.     The defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the plaintiffs are entitled to preliminary and permanent injunctions prohibiting

(183527v2)

further infringements of the plaintiffs' copyrights and exclusive rights, whether such copyrighted or copyrightable works are currently in existence or not.

32.     The plaintiffs are further entitled to impoundment and destruction or other reasonable disposition of all (i) copies found to have been made or used in violation of the plaintiffs' exclusive rights, and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the plaintiffs' Works.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition Against All Defendants)

33.     The plaintiffs incorporate the allegations of paragraphs 1 through 32 of this complaint.

34.     By their conduct as alleged herein, the defendants are trading on the plaintiffs' reputation and goodwill.  Further, because of the fact that for some period of time prior to late August, 2008 Hwa Kim had been an Authorized Retailer of each of the plaintiffs at the store location of Eden in this District, the defendants' continued rental, sale and/or distribution of unauthorized copies of the plaintiffs' Works from such location after termination of the limited license previously granted to defendants is likely to cause consumers to believe that the plaintiffs are the source of the defendants' products or services as alleged herein.  On information and belief, customers of the defendants have been and will be confused by the conduct of the defendants and have rented or purchased unauthorized copies of the plaintiffs' Works from the defendants, thinking that the plaintiffs are the source of the defendants' products or services or have authorized the defendants to make copies of their Work and to rent, sell and/or distribute the same.

(183527v2)

35.     The conduct of the defendants as alleged herein constitutes unfair competition and infringement of the plaintiffs' protected trade dress, in violation of section 43(a) of the  Lanham Act; 15 U.S.C. § 1125(a).

36.     As a result of the conduct of the defendants, the plaintiffs have suffered damage in an amount equal to the profits generated by the defendants' rental, sale and distribution of unauthorized copies of the plaintiffs' Works, the profits the plaintiffs would have generated if not for the defendants' illegal and improper conduct, and damage to the plaintiffs' reputation and prestige, all in amounts to be proved at trial.  In addition, the plaintiffs are entitled to an award of their costs and attorneys' fees incurred herein.

37.     The plaintiffs are further entitled to an injunction preventing the defendants and their agents and employees from copying, reproducing, renting, selling, distributing, or offering for rental, sale, or distribution, any of the plaintiffs' copyrighted and copyrightable works, whether such copyrighted or copyrightable works are currently in existence or not, advertising their infringing products or services as alleged herein, or taking any other action likely to cause customer confusion as to the source of the defendants' products or services described herein.  The plaintiffs are also entitled to an order that all articles or electronic equipment used for the infringing copying or reproduction of the plaintiffs' Works be impounded pending resolution of this action and thereafter destroyed, and to an award of costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
**(Unfair Business Practices Under New York State Statutory
and Common Law Against All Defendants)**

38.     The plaintiffs incorporate the allegations of paragraphs 1 through 37 of this complaint.

(183527v2)

39.     The conduct of the defendants as alleged herein constitutes illegal and unfair business practices under Section 349 of the General Business Law of the State of New York and the common law of the State of New York, for which the plaintiffs are entitled to recover the damages they have sustained.

40.     The plaintiffs are further entitled to an injunction preventing the defendants and their agents and employees from copying, reproducing, renting, selling, distributing, or offering for rental, sale, or distribution, any of the plaintiffs' copyrighted and copyrightable works, whether such copyrighted or copyrightable works are currently in existence or not, advertising their infringing products or services as alleged herein, or taking any other action likely to cause customer confusion as to the source of the defendants' products or services described herein.  The plaintiffs are also entitled to an order that all articles or electronic equipment used for the infringing copying or reproduction of the plaintiffs' Works be impounded pending resolution of this action and thereafter destroyed, and to an award of costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Breach Of Contract Against Defendants)

41.     The plaintiffs incorporate the allegations of paragraphs 1 through 40 of this complaint.

42.     In or about late February or early March 2006, SBS International entered into an oral contract with Hwa Kim, then doing business as Eden Video, in connection with her desire to become an Authorized Retailer.  On or about May 25, 2006, Hwa Kim and MBC entered into a written agreement entitled "Video Rental License Agreement" which, among others things, confirmed the terms of their prior oral agreement. The respective oral and written agreements between SBS International and MBC, on the one hand, and Hwa Kim, on the other

- 12 -

(183527v2)

are collectively referred to hereafter as the "Agreements." The general terms of the Agreements, whether oral or written, were that Hwa Kim would pay each of the plaintiffs a weekly or monthly license fee, in exchange for which the plaintiffs would provide master copies of some of the Works during the Holdback Period. The plaintiffs gave Hwa Kim a non-exclusive limited license to exploit those Works by copying them and renting the copies to the public from the defendants' approved store location only. The Agreements provided that the limited license granted by each of the plaintiffs was terminable at will by the plaintiffs.

43.     As of late March, 2008, Hwa Kim and the other defendants who had purchased Eden as a going concern at different times during the period relevant to this action, had failed to make the required license fee payments to SBS International and MBC. The defendants owed SBS International the sum of $1,449.00 under the Agreement with SBS International and owed MBC the sum of $5,607.50 under the Agreement with MBC. Failure to pay the license fees constitutes breach of each of the Agreements.

44.     In or about late March 2008, the non-exclusive limited license granted to Hwa Kim was terminated upon receipt of notification from the defendants that Eden would no longer take delivery of any the Works from the plaintiffs. Pursuant to the Agreements, the defendants had no right thereafter to continue copying, renting or selling the Works after termination of the licenses. The defendants materially breached their Agreements nevertheless by continuing to copy, rent and sell to the public copies of the Works.

45.     The plaintiffs each performed all obligations required to be performed by them under the Agreements, except those excused from performance.

46.     As a proximate result of the defendants' breach of contract, the plaintiffs suffered damages in respective amounts to be determined at trial.

(183527v2)

**WHEREFORE,** the plaintiffs pray for relief against the defendants, and each of them, as follows:

    A.  For general damages according to proof, or statutory damages at the plaintiff's election;

    B.  For an injunction preventing the defendants and their agents and employees and anyone acting in concert therewith from infringing the plaintiffs' copyrights and exclusive rights with respect to the plaintiffs' copyrighted or copyrightable works (whether now in existence or hereafter created), including but not limited to those identified in Schedule "A" and Schedule "B" and those created in the future.

    C.  For an order requiring the impoundment and destruction or other reasonable disposition of all (i) copies found to have been made or used in violation of the plaintiffs' copyrights or exclusive rights, and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the plaintiffs' Works.

    D.  For prejudgment interest according to law.

    E.  For an award of costs and attorneys' fees incurred herein; and

    F.  For such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Seoul Broadcasting System International, Inc. and Mun Hwa Broadcasting

Corporation hereby demand a jury trial in this action.

Dated: New York, NY
     April **21**, 2009

                                **HELLER, HOROWITZ & FEIT, P.C.**

                                By:_____
                                     Stuart A. Blander (SB-2510)

                                By:_____
                                     Evan R. Shusterman (ES-5211)

                                292 Madison Avenue
                                New York, New York 10017
                                (212) 685-7600
                                *Attorneys for Plaintiffs*

## SCHEDULE A

### SELECTION OF SBS INTERNATIONAL'S
### COPYRIGHTED WORKS

| TITLE OF WORK | COPYRIGHT REGISTRATION NUMBER | FIRST PUBLICATION DATE | EFFECTIVE DATE OF REGISTRATION |
|---|---|---|---|
| The Family of Honor (Episode #1) | PA 1-615-738 | 10-11-2008 | 10-31-2008 |
| The Family of Honor (Episode #2) | PA 1-615-740 | 10-12-2008 | 10-31-2008 |
| Scale of God (Episode #11) | PA 1-615-724 | 10-10-2008 | 10-31-2008 |
| First Wives Club (Episode #79) | PA 1-614-400 | 7-5-2008 | 10-8-2008 |
| First Wives Club (Episode #86) | PA 1-615-332 | 7-27-2008 | 10-8-2008 |
| Can't Hate You (Episode #83) | PA 1-615-337 | 1-8-2008 | 10-8-2008 |
| Can't Hate You (Episode #84) | PA 1-615-346 | 1-9-2008 | 10-8-2008 |
| Can't Hate You (Episode #88) | PA 1-615-334 | 1-14-2008 | 10-8-2008 |
| Can't Hate You (Episode #93) | PA 1-615-335 | 1-19-2008 | 10-8-2008 |
| Can't Hate You (Episode #95) | PA 1-615-339 | 1-22-2008 | 10-8-2008 |
| Good Morning (Episode #2939) | PA 1-615-341 | 7-30-2008 | 10-8-2008 |
| Good Morning (Episode #2940) | PA 1-615-340 | 7-31-2008 | 10-8-2008 |
| Good Morning (Episode #2945) | PA 1-615-345 | 8-7-2008 | 10-8-2008 |
| Real or Not (Episode #131) | PA 1-614-397 | 7-12-2008 | 10-8-2008 |
| The Amazing World (Episode #497) | PA 1-602-124 | 6-5-2008 | 7-29-2008 |
| The Amazing World   (Episode #505) | PA 1-614-401 | 8-14-2008 | 10-8-2008 |
| TV Zoo | PA 1-602-141 | 6-1-2008 | 7-29-2008 |

| TITLE OF WORK | COPYRIGHT REGISTRATION NUMBER | FIRST PUBLICATION DATE | EFFECTIVE DATE OF REGISTRATION |
|---|---|---|---|
| (Episode #365) | | | |
| TV Zoo (Episode #371) | PA 1-614-402 | 7-6-2008 | 10-8-2008 |
| The War of Flower (Episode #1) | PA 1-611-826 | 9-16-2008 | 9-18-2008 |
| The War of Flower (Episode #8) | PA 1-613-366 | 10-13-2008 | 10-23-2008 |
| The War of Flower (Episode #9) | PA 1-613-363 | 10-14-2008 | 10-23-2008 |
| TV Oasis (Episode #10) | PA 1-612-386 | 7-10-2008 | 10-7-2008 |
| TV Oasis (Episode #12) | PA 1-606-027 | 7-24-2008 | 9-11-2008 |
| TV Oasis (Episode #13) | PA 1-612-391 | 7-31-2008 | 10-7-2008 |
| TV Oasis (Episode #11) | PA 1-612-421 | 7-17-2008 | 10-7-2008 |
| The Painter of Wind (Episode #6) | PA 1-613-365 | 10-9-2008 | 10-23-2008 |
| The Star Show (Episode #10) | PA 1-612-459 | 6-30-2008 | 10-7-2008 |
| Star King (Episode #69) | PA 1-602-135 | 5-31-2008 | 7-29-2008 |
| Star King (Episode #75) | PA 1-612-437 | 7-12-2008 | 10-7-2008 |
| Star King (Episode #76) | PA 1-612-440 | 7-19-2008 | 10-7-2008 |
| Parenting Child (Episode #80) | PA 1-612-443 | 7-8-2008 | 10-7-2008 |
| Parenting Child (Episode #81) | PA 1-612-456 | 7-15-2008 | 10-7-2008 |
| Parenting Child (Episode #82) | PA 1-612-457 | 7-22-2008 | 10-7-2008 |
| Mystery Hunter (Episode #11) | PA 1-612-472 | 7-17-2008 | 10-7-2008 |
| Master (Episode #154) | PA 1-612-433 | 7-14-2008 | 10-7-2008 |
| Master (Episode #155) | PA 1-612-442 | 7-21-2008 | 10-7-2008 |
| Master (Episode #156) | PA 1-612-445 | 7-28-2008 | 10-7-2008 |
| Interview Game | PA 1-612-426 | 7-8-2008 | 10-7-2008 |

| TITLE OF WORK | COPYRIGHT REGISTRATION NUMBER | FIRST PUBLICATION DATE | EFFECTIVE DATE OF REGISTRATION |
|---|---|---|---|
| (Episode #3) | | | |
| Interview Game (Episode #4) | PA 1-612-475 | 7-15-2008 | 10-7-2008 |
| Interview Game (Episode #6) | PA 1-606-024 | 7-29-2008 | 9-11-2008 |
| Happiness (Episode #23) | PA 1-612-424 | 4-26-2008 | 10-7-2008 |
| Happiness (Episode #24) | PA 1-612-470 | 4-27-2008 | 10-7-2008 |
| Happiness (Episode #25) | PA 1-612-382 | 5-3-2008 | 10-7-2008 |
| Happiness (Episode #26) | PA 1-612-422 | 5-4-2008 | 10-7-2008 |
| Happiness (Episode #27) | PA 1-612-387 | 5-10-2008 | 10-7-2008 |
| Happiness (Episode #28) | PA 1-612-476 | 5-11-2008 | 10-7-2008 |
| Happiness (Episode #30) | PA 1-612-429 | 5-18-2008 | 10-7-2008 |
| Good Sunday (Episode #35) | PA 1-612-473 | 7-6-2008 | 10-7-2008 |
| Good Life (Episode #323) | PA 1-612-416 | 7-12-2008 | 10-7-2008 |
| Good Life (Episode #324) | PA 1-612-419 | 7-19-2008 | 10-7-2008 |
| Glass Castle (Episode #2) | PA 1-611-827 | 9-7-2008 | 9-18-2008 |
| Glass Castle (Episode #11) | PA 1-613-352 | 10-11-2008 | 10-23-2008 |
| Glass Castle (Episode #12) | PA 1-613-358 | 10-12-2008 | 10-23-2008 |
| 1000 Songs Karaoke (Episode #9) | PA 1-602-129 | 6-1-2008 | 7-29-2008 |
| 1000 Songs Karaoke (Episode #15) | PA 1-612-471 | 7-13-2008 | 10-7-2008 |
| 1000 Songs Karaoke (Episode #16) | PA 1-606-025 | 7-20-2008 | 9-11-2008 |
| 1000 Songs Karaoke (Episode #17) | PA 1-612-466 | 7-27-2008 | 10-7-2008 |

| TITLE OF WORK | COPYRIGHT REGISTRATION NUMBER | FIRST PUBLICATION DATE | EFFECTIVE DATE OF REGISTRATION |
|---|---|---|---|
| Chocolate (Episode #19) | PA 1-606-018 | 7-23-2008 | 9-11-2008 |
| Entertainment TV (Episode #180) | PA 1-602-132 | 7-9-2008 | 7-29-2008 |
| Il Ji Mae (Episode #20) | PA 1-602-140 | 7-24-2008 | 7-29-2008 |
| Investigating Documentary (Episode #680) | PA 1-606-023 | 8-9-2008 | 9-11-2008 |
| King and I (Episode #1) | PA 1-598-993 | 8-27-2007 | 2-26-2008 |
| King and I (Episode #10) | PA 1-598-990 | 9-24-2007 | 2-26-2008 |
| King and I (Episode #20) | PA 1-598-991 | 10-30-2007 | 2-26-2008 |
| King and I (Episode #29) | PA 1-598-995 | 12-3-2007 | 2-26-2008 |
| SBS Special (Episode #133) | PA 1-606-026 | 8-10-2008 | 9-11-2008 |

## SCHEDULE B

SELECTION OF MUN HWA BROADCASTING CORPORATION'S
COPYRIGHTED WORKS

| TITLE OF WORK | COPYRIGHT REGISTRATION NUMBER | FIRST PUBLICATION DATE | EFFECTIVE DATE OF REGISTRATION |
|---|---|---|---|
| East of Eden (Episodes #1-2) | PA 1-608-930 | 8-25-2008 | 10-21-2008 |
| Beethoven Virus (Episode #1) | PA 1-608-900 | 9-9-2008 | 10-21-2008 |
| Que Sera Sera (Episode #1) | PA 1-394-063 | 3-17-2007 | 8-15-2007 |
| Que Sera Sera (Episode #9) | PA 1-393-975 | 4-15-2007 | 8-15-2007 |
| Que Sera Sera (Episode #17) | PA 1-393-984 | 5-13-2007 | 8-15-2007 |
| New Wise Mother Good Wife (Episode #1) | PA 1-393-988 | 5-28-2007 | 8-15-2007 |
| New Wise Mother Good Wife (Episode #10) | PA 1-394-064 | 6-26-2007 | 8-15-2007 |
| One Fine Day (Episode #1) | PA 1-393-980 | 5-31-2006 | 8-15-2007 |
| One Fine Day (Episode #8) | PA 1-393-989 | 6-22-2006 | 8-15-2007 |
| One Fine Day (Episode #16) | PA 1-393-987 | 7-20-2006 | 8-15-2007 |
| Behind the White Tower (Episode #1) | PA 1-394-001 | 1-6-2007 | 8-15-2007 |
| Behind the White Tower (Episode #3) | PA 1-394-002 | 1-13-2007 | 8-15-2007 |
| Behind the White Tower (Episode #4) | PA 1-393-977 | 1-14-2007 | 8-15-2007 |
| Behind the White Tower (Episode #5) | PA 1-394-000 | 1-20-2007 | 8-15-2007 |
| Behind the White Tower (Episode #6) | PA 1-393-990 | 1-21-2007 | 8-15-2007 |
| Behind the White Tower (Episode #7) | PA 1-394-003 | 1-27-2007 | 8-15-2007 |
| Behind the White Tower (Episode #9) | PA 1-393-976 | 2-3-2007 | 8-15-2007 |
| Behind the White Tower (Episode #11) | PA 1-393-979 | 2-10-2007 | 8-15-2007 |

| Behind the White Tower (Episode #13) | PA 1-394-005 | 2-17-2007 | 8-15-2007 |
|---|---|---|---|
| Behind the White Tower (Episode #15) | PA 1-394-004 | 2-24-2007 | 8-15-2007 |
| Behind the White Tower (Episode #17) | PA 1-394-061 | 3-3-2007 | 8-15-2007 |
| Behind the White Tower (Episode #18) | PA 1-393-983 | 3-4-2007 | 8-15-2007 |
| Behind the White Tower (Episode #19) | PA 1-393-981 | 3-10-2007 | 8-15-2007 |
| Prince Hours (Episode #1) | PA 1-355-268 | 1-10-2007 | 7-30-2007 |
| Prince Hours (Episode #9) | PA 1-355-267 | 2-7-2007 | 7-30-2007 |
| Prince Hours (Episode #20) | PA 1-355-266 | 3-15-2007 | 7-30-2007 |
| Air City (Episode #1) | PA 1-588-239 | 5-19-2007 | 8-1-2007 |
| Air City (Episode #2) | PA 1-588-241 | 5-20-2007 | 8-1-2007 |
| Air City (Episode #3) | PA 1-588-242 | 5-26-2007 | 8-1-2007 |
| Air City (Episode #4) | PA 1-588-243 | 5-27-2007 | 8-1-2007 |
| Air City (Episode #5) | PA 1-588-244 | 6-2-2007 | 8-1-2007 |
| Air City (Episode #6) | PA 1-588-245 | 6-3-2007 | 8-1-2007 |
| Air City (Episode #7) | PA 1-588-246 | 6-9-2007 | 8-1-2007 |
| Air City (Episode #8) | PA 1-588-225 | 6-10-2007 | 8-1-2007 |
| Air City (Episode #9) | PA 1-588-226 | 6-16-2007 | 8-1-2007 |
| Air City (Episode #10) | PA 1-588-229 | 6-17-2007 | 8-1-2007 |
| Air City (Episode #11) | PA 1-588-230 | 6-23-2007 | 8-1-2007 |
| Air City (Episode #12) | PA 1-588-231 | 6-24-2007 | 8-1-2007 |
| Air City (Episode #13) | PA 1-588-233 | 6-30-2007 | 8-1-2007 |
| Air City (Episode #14) | PA 1-588-235 | 7-1-2007 | 8-1-2007 |
| Air City (Episode #15) | PA 1-588-236 | 7-7-2007 | 8-1-2007 |

| | | | |
|---|---|---|---|
| Air City (Episode #16) | PA 1-588-237 | 7-8-2007 | 8-1-2007 |
| Thank You (Episode #1) | PA 1-592-112 | 3-21-2007 | 8-15-2007 |
| Thank You (Episode #2) | PA 1-592-113 | 3-22-2007 | 8-15-2007 |
| Thank You (Episode #3) | PA 1-592-114 | 3-28-2007 | 8-15-2007 |
| Thank You (Episode #4) | PA 1-592-115 | 3-29-2007 | 8-15-2007 |
| Thank You (Episode #5) | PA 1-592-118 | 4-4-2007 | 8-15-2007 |
| Thank You (Episode #6) | PA 1-592-120 | 4-5-2007 | 8-15-2007 |
| Thank You (Episode #7) | PA 1-592-121 | 4-11-2007 | 8-15-2007 |
| Thank You (Episode #8) | PA 1-592-126 | 4-12-2007 | 8-15-2007 |
| Thank You (Episode #9) | PA 1-592-125 | 4-18-2007 | 8-15-2007 |
| Thank You (Episode #10) | PA 1-592-122 | 4-19-2007 | 8-15-2007 |
| Thank You (Episode #11) | PA 1-592-109 | 4-25-2007 | 8-15-2007 |
| Thank You (Episode #12) | PA 1-592-110 | 4-26-2007 | 8-15-2007 |
| Thank You (Episode #13) | PA 1-592-111 | 5-2-2007 | 8-15-2007 |
| Thank You (Episode #14) | PA 1-592-108 | 5-3-2007 | 8-15-2007 |
| Thank You (Episode #15) | PA 1-592-107 | 5-9-2007 | 8-15-2007 |
| Thank You (Episode #16) | PA 1-592-088 | 5-10-2007 | 8-15-2007 |
| Thank You – English Subtitled Version (Episodes #1-16) | PA 1-594-962 | 12-4-2007 | 12-10-2007 |
| H.I.T. (Episode #1) | PA 1-592-101 | 3-19-2007 | 8-15-2007 |
| H.I.T. (Episode #10) | PA 1-592-098 | 4-17-2007 | 8-15-2007 |
| H.I.T. (Episode #15) | PA 1-592-102 | 5-7-2007 | 8-15-2007 |
| Merry Mary (Episode #1) | PA 1-592-089 | 5-16-2007 | 8-15-2007 |

| | | | |
|---|---|---|---|
| Merry Mary (Episode #7) | PA 1-592-094 | 6-20-2007 | 8-15-2007 |
| Merry Mary (Episode #11) | PA 1-592-096 | 6-20-2007 | 8-15-2007 |
| Jumong (Episodes #51-81) | PA 1-592-086 | 3-6-2007 | 8-15-2007 |
| Time between Dog and Wolf (Episode #1) | PA 1-593-958 | 7-18-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #2) | PA 1-593-961 | 7-19-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #3) | PA 1-593-964 | 7-25-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #4) | PA 1-593-979 | 7-26-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #5) | PA 1-593-980 | 8-1-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #6) | PA 1-593-976 | 8-2-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #7) | PA 1-593-975 | 8-8-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #8) | PA 1-593-973 | 8-9-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #9) | PA 1-593-972 | 8-15-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #10) | PA 1-593-969 | 8-16-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #11) | PA 1-593-968 | 8-22-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #12) | PA 1-593-970 | 8-23-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #13) | PA 1-593-966 | 8-29-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #14) | PA 1-593-963 | 8-30-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #15) | PA 1-593-959 | 9-5-2007 | 12-10-2007 |
| Time between Dog and Wolf (Episode #16) | PA 1-593-965 | 9-6-2007 | 12-10-2007 |