UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SEOUL BROADCASTING SYSTEM
INTERNATIONAL, INC., a New York
Corporation; MUN HWA BROADCASTING
CORPORATION, a South Korean
Corporation,

                    Plaintiffs,

                - against -

JOHN KIM SANG, an individual doing
business as EDEN VIDEO; HWA SOOK
KIM, an individual; JONG SOOK KIM,
and individual; HAKYEOUL JANG, an
individual; and JOHN DOES, 1 to 10,
inclusive,

                    Defendants.
-----------------------------------------------------------X

**OPINION AND ORDER**

09-CV-1645 (FB)(RER)

**RAMON E. REYES, JR., U.S. Magistrate Judge:**

Plaintiffs Seoul Broadcasting System International, Inc. ("SBS") and Mun Hwa Broadcasting Corporation ("MBC") (collectively, "Plaintiffs") brought this action against defendants John Kim Sang ("Sang"), an individual doing business as Eden Video, Hwa Sook Kim,[1] Jong Sook Kim, Hakyeoul Jang, and various John Does,[2] alleging that they violated the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* ("the Act") by engaging in unauthorized reproduction, rental, and sale of Plaintiffs' copyrighted television programs. Plaintiffs filed the

---

[1] Plaintiffs stipulated to the dismissal of all claims against Hwa Sook Kim. *See* Docket No. 12.

[2] In their pre-motion conference letter, Plaintiffs elected not pursue a default judgment against the non-appearing defendants Jong Sook Kim and Hakyeoul Jang. *See* Docket No. 18, n.1. Accordingly, the only defendant against whom claims are presently being pursued is John Kim Sang.

instant motion for summary judgment against Sang on May 28, 2010, which was fully briefed July 1, 2010. (Docket Nos. 21-25.) The motion is before me on consent of the parties. (Docket No. 17.)

For the reasons herein, Plaintiffs' motion for summary judgment is granted in part and denied in part.

# FACTS[3]

SBS and MBC own registered copyrights for numerous works, particularly serialized television dramas. (*See* Plaintiffs' Statement Pursuant to Local Rule 56.1 ("Pl. 56.1 Stmnt"), dated May 28, 2010, ¶¶ 1-2; Memorandum in Support of Plaintiff's Motion for Summary Judgment ("Pl. Mem."), dated May 28, 2010, at 1.) Sang has been the owner of Eden Health Food ("Eden") in Staten Island since August 2008. (Declaration in Opposition to Motion for Summary Judgment ("Sang Decl."), dated June 11, 2010, ¶ 3; Pl. 56.1 Stmnt ¶¶ 3,4.) Eden was a video store before Sang acquired the property and converted it into a health food store. (Sang Decl. ¶¶ 3, 5-6.) Although Eden's primary source of revenue under Sang's management is from food sales, Eden continued to rent and sell DVDs leftover from the previous occupant, in addition to newly acquired DVDs from August 2008 until this lawsuit was filed. (Sang Decl. ¶¶ 6-11; Pl. 56.1 Stmnt ¶¶ 13-17.) Each DVD contained two shows or episodes, and Sang sold,

---

[3] The facts herein are undisputed unless otherwise noted. It should also be noted that Sang submitted a declaration in opposition, but did not adhere to the requirements of Local Rule 56.1. I will treat the declaration as his statement of facts, since he identifies therein his objections to Plaintiffs' statement of facts, as well as his arguments against the motion. However, any facts not addressed in his declaration will be deemed admitted. *See* Local Rule 56.1(c).

rented or copied approximately 20 DVDs per week. (Pl. 56.1 ¶¶ 21, 22; Exh.[4] C and D ¶ 21.) Plaintiffs sent an investigator to Eden in April 2009, where he purchased three DVDs with the following episodes of Plaintiffs' shows: (1) SBS's "The Family of Honor, Episode 1"; (2) MBC's "East of Eden, Episode 1"; and (3) MBC's "Beethoven Virus, Episode 1." (Pl. 56.1 Stmnt ¶ 23; Exh. G ¶ 2.)

Sang admits that he was aware of prior licensing agreements between SBS and MBC and the pre-existing video store, under which the previous owners received DVDs of SBS and MBC copyrighted television shows, and were permitted to make copies, rent and sell the DVDs. (Exh. C and D, ¶¶ 5-7.) Sang was also aware that the prior licenses terminated, and admits that he engaged in discussions with Plaintiffs regarding the acquisition of a license; the parties, however, never entered a licensing agreement authorizing Sang to reproduce, sell, or rent the Plaintiffs' works. (*Id.* at ¶¶ 9-11.) Sang acknowledges that he obtained and reproduced Plaintiffs' works from third parties, and rented or sold copies of those works. (*Id.* at ¶¶ 12-14.) Sang also admits that he received, but ignored cease-and-desist letters from Plaintiffs prior to the commencement of this action. (*Id.* at ¶¶ 15-16.)

Sang does not dispute any of the foregoing, or even that his conduct infringed Plaintiffs' copyrights. He contests, however, the extent of damages requested by Plaintiffs as excessive. Sang contends that only five percent (5%) of Eden's floorspace was devoted to DVD sales, and that accordingly, DVD sales accounted for almost negligible profits. (Sang Decl. ¶¶ 7, 12.) Sang further proffers that the only reason he continued to sell Plaintiffs' works was as an additional

---

[4] Exhibits are those submitted with the Affirmation in Support of Motion for Summary Judgment by Plaintiffs' counsel. (Docket No. 22.)

service to his Korean clientele. (*Id.* at ¶ 13.) Moreover, Sang contends that the profits from the sales of Plaintiffs' DVDs would not even have covered the proposed licensing fees, and therefore, that his activities did not cause Plaintiffs any appreciable damages. (*Id.* at ¶¶ 15, 17.)

## DISCUSSION

**I.     Summary Judgment Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is properly granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[5] A genuine dispute as to a material fact is a dispute which "could reasonably be resolved in favor of either party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), and which must be resolved to apply the relevant substantive law, *id.* at 248. The moving party has the burden of establishing "the absence of a genuine" dispute. *Celotex Corp. v. Catrett*, 447 U.S. 317, 323 (1986). Moreover, all facts and inferences should be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[5] On December 1, 2010, changes to Rule 56 of the Federal Rules of Civil Procedure went into effect. Although some of the language has changed, (*i.e.*, "genuine *dispute as to* a material fact" from the former "genuine *issue of* material fact"), the standard for summary judgment remains the same. FED. R. CIV. P. 56 advisory committee's note (2010 Amendments). The amendments are not to "affect continuing development of the decisional law construing and applying these phrases." *Id.*

4

## II. Copyright Infringement

Section 501 of the Act recognizes a copyright owner's private right of action against "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 108" of the same. 17 U.S.C. § 501(a). Section 106 provides for the copyright owner's exclusive rights (among others) to reproduce or "distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . ." 17 U.S.C. § 106 (1), (3).

To establish liability for copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Arista Records LLC v. Doe*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991). "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in § 106." *Id.* (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.2001)).

It is undisputed that the Plaintiffs are the owners of valid copyrights for at least three television episodes at issue in this case. (*See* Pl. 56.1 Stmnt. ¶¶ 1, 2, 23.) Accordingly, the first element of the prima facie case has been established. Second, that Sang engaged in unauthorized copying of Plaintiffs' protected works is overwhelmingly apparent on the basis of Sang's own admissions. Indeed, Sang admits to having copied and distributed Plaintiffs' works without a licensing agreement. Moreover, Plaintiffs' investigator actually purchased three of Plaintiffs' works from Sang. Therefore, there is no genuine dispute as to a material fact regarding Sang's

5

violation of the Act, and Plaintiffs, having established a prima facie case of copyright infringement, are entitled to judgment.

### III. Damages

#### A. Election of Statutory Damages

Having determined Sang's liability for infringement of Plaintiffs' valid copyrights, the question remains as to what damages may be properly awarded. Under section 504(a) of the Act, where infringement has been established, a copyright owner may elect between recovery of either actual damages plus profits, or statutory damages. 17 U.S.C. § 504(a); *see also N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (acknowledging copyright owner's right to elect statutory damages in lieu of other forms of monetary relief).

Sang argues that because actual damages may be easily ascertained on the basis of his own admissions as to both the actual number of infringing copies sold as well as the number of months across which the infringing activity persisted, an award of statutory damages would be inappropriate. (*See* Sang Decl. ¶ 25.) This argument must be rejected. The statutory language is plain and unambiguous. Plaintiffs may elect statutory damages in lieu of actual damages at any time before final judgment, and in the instant case, have properly exercised their prerogative in petitioning for such an award.

#### B. Number of Infringements

A plaintiff electing statutory damages is entitled to "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a

sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). The court has discretion to award statutory damages anywhere in this range. *Microsoft v. Computer Care Center*, No. 06-CV-1429, 2008 WL 4179653, at * 10 (E.D.N.Y. Sept. 10, 2008); *see N.A.S. Import Corp.*, 968 F. Supp. at 252; *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 360 (S.D.N.Y. 2003). Or, if the court finds willful infringement, it may use its discretion to award up to $150,000 in statutory damages. 17 U.S.C. § 504(c)(2).

Plaintiffs calculate that there were 1,440 copyright infringements, and request that the Court award "$30,000 per infringement." (Pl. Mem. at 7, 9.) Sang argues that the amount sought is excessive, as it would fail to deter him from further infringing the Plaintiffs' rights given the meagerness of his assets and the fact that he immediately desisted any infringing activity upon receiving notice of the filing of this action.

The standard for summary judgment applies to damages the same as it applies to liability. *E.g.*, *Broadcast Music, Inc. v. WPBK, Inc.*, 922 F.Supp. 803, (W.D.N.Y. 1996) (granting summary judgment as to liability, but denying as to damages where a genuine issue of fact remained regarding the defendants' culpability in engaging in infringing activities); *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, No. 92-CV-0832E(M), 1996 WL 400161, at *3 (W.D.N.Y. July 12, 1996) (denying motion for summary judgment on damages since a genuine issue of fact remained as to whether the plaintiffs' copyright registration was effective when the infringing activity commenced). Therefore, the moving party has the burden to establish that there is no genuine dispute as to a material fact relating to the determination of damages. *See Celotex Corp.*, 447 U.S. at 323 (moving party has burden to prove absence of genuine disputes on motion for

summary judgment). The number of infringed works is a material fact since the figure is necessary to determine the appropriate number of awards of statutory damages.

Plaintiffs' submissions fail to establish that there is no genuine dispute as to the number of infringed works. As stated, Plaintiffs assert that Sang admitted to 1,440 copyright infringements for each of which they are entitled to an award of statutory damages. Sang's admissions, however, do not resolve the matter of the number of works infringed. It appears that Plaintiffs either believe they are entitled to an award of statutory damages *per individual act of infringement* (that is, per each duplicate of any episodes sold or copied) or believe that Sang's admission that 20 DVDs (with 2 episodes each) were copied/distributed each week leads to the inference that every single episode on every DVD was a unique, copyrighted work (hence, 1440 infringements). Both theories are unavailing.

First, statutory damages are to be awarded per work infringed, regardless of the number of times said work was infringed. *WB Music Corp. v. RTV Communication Group, Inc.*, 445 F.3d 538, 540 (2d Cir. 2006) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 192-93 (1st Cir.2004)) ("[T]he total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers, regardless of the number of infringements of those works.") Section "504(c)(1) disassociates the award of statutory damages from the number of infringements by stating that 'an award' (singular tense) of statutory damages is available for 'all infringements involved in the action' regarding any one work." *WB Music Corp.*, 445 F.3d at 540. Therefore, Plaintiffs, here, are entitled to an award of statutory damages per work (episode) infringed, but not per DVD or copy of a work made, rented or sold. *See, e.g.*, *Lyons Partnership,*

*L.P. v. D & L Amusement & Entertainment, Inc.*, 702 F. Supp. 2d 104, 118 (E.D.N.Y. 2010) (awarding $25,000 per character infringed); *Microsoft Corp.*, 2008 WL 4179653, at *10-11 (awarding $30,000 per each infringed copyright, not per infringing act of each copyright); *Artista Records LLC v. Furia Sonidera, Inc.*, No. 05-CV-5906, 2007 WL 922406, at *3 (E.D.N.Y. March 26, 2007) (awarding $10,000 per sound recording infringed, not per copy sold of each sound recording). Thus, to award statutory damages for 1,440 infringements, Plaintiffs must prove that no genuine dispute exists as to the fact that 1,440 distinct, copyrighted works were infringed.

Plaintiffs have failed to establish that Sang infringed 1,440 of their works. This figure is based on Sang's admissions that he copied, rented or sold 20 DVDs, each containing two of Plaintiffs' programs per week from August 2008 to April 2009. However, such admissions do not lead to the conclusion that 1,440 copyrights were infringed since the admissions themselves are ambiguous as to how many distinct works were infringed. The Requests for Admissions and Sang's responses were:

> 20. Each DVD rented or sold by Sang contained copies of at least two shows or drama episodes. (Admits allegations contained in paragraph 20.)
>
> 21. Sang copied, rented and/or sold more than 40 DVDs per week during the period from August, 2008 through the commencement of this action. (Admits allegations in paragraph 21, however, qualifies this response by stating that only twenty (20) or so DVDs were copies of Plaintiffs' programs.)

(Exh. C and D.) First, Plaintiffs' interpretation of these admissions in their Statement of Undisputed Facts is questionable. On its face, Sang's admissions could mean 20 DVDs total were copies of Plaintiffs' programs, or it could mean, as Plaintiffs suggest, 20 DVDs per week contained copies of Plaintiffs' programs. Sang, however, does not object to Plaintiffs'

9

interpretation of 20 DVDs per week and pursuant to Local Rule 56.1, this interpretation is deemed admitted.

But, even accepting Plaintiffs' interpretation, these statements are still ambiguous as to how many different works (individual episodes) were infringed. These statements establish only that Sang made 1,440 unauthorized copies or sales of Plaintiffs' works generally. It could be that he made, rented and/or sold 720 DVDs of the same two episodes, in which case Plaintiffs are only entitled to two awards of statutory damages. It could be that two different episodes were on each of the 720 DVDs copied or distributed, in which case Plaintiffs are entitled to 1,440 awards of statutory damages. But most importantly, either inference could flow from the ambiguous admissions requested and made, although it seems more reasonable that the number of works falls somewhere between these two figures. Indeed, Plaintiffs offered proof of three specific copyrights that were infringed—(1) SBS's "The Family of Honor, Episode 1"; (2) MBC's "East of Eden, Episode 1"; and (3) MBC's "Beethoven Virus, Episode 1." (Pl. 56.1 Stmnt ¶ 23.)[6] Therefore, at a minimum, Plaintiffs have established that they are entitled to statutory damages for three infringed works.

Additionally, it should be noted that SBS listed only 66 copyrighted works in Schedule A of the Complaint and MBC listed only 82 copyrighted works in Schedule B. Plaintiff offered proof that these specific works were owned by SBS and MBC. (*See* Choi Aff. ¶ 11; Lee Aff. ¶ 11.) Since Plaintiffs alleged in the Complaint that these lists are not comprehensive of every

---

[6] Plaintiffs' investigator stated that he saw other episodes of the same series available for rent/purchase on the rack. (Exh. G ¶ 3.) This vague assertion, however, is insufficient to establish the number of infringements.

copyright they own, they may offer proof that such unlisted works were also infringed.[7]

However, Plaintiffs apparently seek an award of statutory damages for 1,440 works, the majority of which have not been identified and for which Plaintiffs have not established ownership of a valid copyright. Plaintiffs must not only establish the number of works infringed, but also must prove ownership of a registered copyright for each work for which they seek an award of statutory damages. *See* 17 U.S.C. § 412 (registration of copyright prerequisite for statutory damages). Unless the parties can stipulate to the number of infringed works (that is, distinct copyrighted episodes), a trial is necessary to resolve this genuine dispute of material fact.[8]

## CONCLUSION

Based on all of the foregoing, Plaintiffs' motion for summary judgment is GRANTED as to Sang's liability, but DENIED as to damages. Plaintiffs' request for attorney's fees is DENIED without prejudice.

Should the parties stipulate to the number of works infringed, Plaintiffs must file that stipulation and their renewed application for attorney's fees and costs no later than January 21,

---

[7] I note, however, that Plaintiffs are not entitled to an award of statutory damages on the so-called "Protectable" works they reference in the Complaint, even if they can prove infringement of such works. 17 U.S.C. § 412(2) precludes an award of statutory damages and attorney's fees for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Since the grace period to retroactively register a copyright for the "Protectable" works has long-since passed for any works Sang infringed, Plaintiffs may only seek actual damages for any such works.

[8] Pursuant to 17 U.S.C. § 505, Plaintiffs also request an award of attorney's fees should they prevail on their motion for summary judgment. In light of the partial denial of summary judgment, Plaintiffs' request is denied without prejudice for renewal at a later time with the appropriate documentation.

2011. Sang may respond to the request for attorney's fees no later than February 4, 2011; Plaintiffs to reply on February 15, 2011. Thereafter, the undersigned will decide the appropriate award of statutory damages for each work infringed and the request for attorney's fees. However, if the parties cannot stipulate to the number of works infringed, then the parties are directed to submit a joint pretrial order to either Judge Block or the undersigned (if they consent to jurisdiction pursuant to 28 U.S.C. § 636(b)) no later than January 28, 2011.

**SO ORDERED.**

Dated: Brooklyn, New York
December 11, 2010

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**